STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
PAUL W. GARRITY
pgarritty@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Plaintiff
IMAGINAL SYSTEMATICS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IMAGINAL SYSTEMATIC, LLC,

Plaintiff,

v.

LEGGETT & PLATT, INC.; SIMMONS BEDDING COMPANY; and DOES 1 through 10, inclusive,

Defendants.

Case No. CV13-05465-SVW (CRx)

(1) **COMPLAINT FOR PATENT INFRINGEMENT; AND**

(2) **DEMAND FOR JURY TRIAL**

For its complaint herein, Plaintiff Imaginal Systematics, LLC ("Imaginal") avers as follows:

I.

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Defendants are subject to personal jurisdiction in this judicial district because they each maintain agents for service of process in this judicial district and each regularly conducts business here.

-1-

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants regularly conduct business in this judicial district, and are subject to personal jurisdiction in this judicial district. Among other things, Defendant Leggett & Platt, Inc. ("L&P") is licensed to and maintains bedding manufacturing facilities in this judicial district; and Simmons Bedding Company ("Simmons") also has operated bedding manufacturing facilities in this judicial district during the time relevant to the claims herein.

## II.

## THE PARTIES

4. Imaginal is an Indiana limited liability company, having its principal place of business in Lebanon, Indiana.

5. L&P is a Missouri corporation with its principal place of business in Carthage, Missouri.

6. Simmons is a Delaware corporation with its principal place of business in Atlanta, Georgia.

7. The true names and capacities of the defendants named herein pursuant to C.D. Cal. Local Rule 19-1 as "Does 1 through 10," whether individual, corporate, associate, or otherwise, are unknown to Imaginal, who therefore sues said defendants by said fictitious names. Imaginal is informed and believes, and thereon alleges, that each of the "Doe" defendants is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Imaginal as herein alleged. Imaginal will seek leave to amend this Complaint when the true names and capacities of the "Doe" defendants have been

ascertained. Defendants L&P, Simmons and "Does 1 through 10" are hereinafter collectively referred to as "**Defendants**."

## III.

## BACKGROUND

8. On August 30, 2005, U.S. Patent No. 6,935,546 ("**the '546 patent**") was duly and legally issued in the name of Larry G. Durkos as inventor.

9. On May 29, 2007, U.S. Patent No. 7,222,402 ("**the '402 patent**") was duly and legally issued in the name of Larry G. Durkos as inventor.

10. On December 23, 2008, U.S. Patent No. 7,467,454 ("**the '454 patent**") was duly and legally issued in the name of Larry G. Durkos as inventor.

11. Imaginal is the owner by assignment of all right, title, and interest in and to the '546 patent, '402 patent, and the '454 patent (sometimes collectively referred to herein as the "Imaginal Patents"). Since their issuance, the Imaginal Patents have been and remain in full force and effect.

12. The Imaginal Patents were the subject of a prior action between Imaginal and Defendants L&P and Simmons in this district, Case No. CV10-07416 RGK (SSx), before Hon. R. Gary Klausner, wherein the Court entered judgment that the Imaginal Patents were not invalid, that Defendants infringed the Imaginal Patents, and that Imaginal was entitled to damages for such infringement for the time period August 30, 2005 to January 24, 2012 in the sum of $5 million, plus interest. The Court's judgment was affirmed on appeal.

13. Notwithstanding the Court's judgment of infringement, Defendants L&P and Simmons have continued to willfully infringe the Imaginal Patents after January 24, 2012. This action seeks damages for Defendants' willful infringement of the Imaginal Patents after January 24, 2012, and other relief as provided by law.

## IV.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '546 patent)

14. Imaginal re-alleges the averments of paragraphs 1-13.

15. Each of the Defendants has made, used, offered for sale or sold in, or imported into, the United States, apparatuses covered by one or more claims of the '546 patent, including without limitation the TopOff™ Automatic Stapling Machine ("TopOff"). L&P has further induced infringement of the '546 patent in that, with full knowledge that use of the TopOff machines infringes the '546 patent, L&P offered to sell, sold, supported, maintained, and otherwise encouraged the use and continued use of the TopOff machines by its customers.

16. Imaginal has not authorized any of the Defendants to make, use, offer for sale or sell in the United States, any apparatus that comes within the scope of any of the claims of the '546 patent.

17. Defendants' acts of infringement have caused and will continue to cause Imaginal injury and financial damage in an amount to be shown by proof at trial. Each of the Defendants is liable to Imaginal in an amount that adequately compensates Imaginal for any respective acts of infringement, which by law cannot be less than a reasonable royalty.

18. Based upon the foregoing averments, Imaginal alleges that the Defendants have deprived Imaginal of its exclusive rights under the '546 patent, and each of the Defendants will continue to do so unless enjoined by this Court.

19. Defendants' infringement of the '546 patent has been willful under 35 U.S.C. § 284.

## IV.
## SECOND CLAIM FOR RELIEF
### (Infringement of the '402 patent)

20. Imaginal re-alleges the averments of paragraphs 1-19.

21. Each of the Defendants has used in the United States methods covered by one or more claims of the '402 patent, including without limitation through the use of the TopOff. L&P has further induced infringement of the '402 patent in that, with full knowledge that use of the TopOff machines infringes the '402 patent, L&P offered to sell, sold, supported, maintained, and otherwise encouraged the use and continued use of the TopOff machines by its customers.

22. Imaginal has not authorized any of the Defendants to use in the United States any method that comes within the scope of any of the claims of the '402 patent.

23. Defendants' acts of infringement have caused and will continue to cause Imaginal injury and financial damage in an amount to be shown by proof at trial. Each of the Defendants is liable to Imaginal in an amount that adequately compensates Imaginal for any respective acts of infringement, which by law cannot be less than a reasonable royalty.

24. Based upon the foregoing averments, Imaginal alleges that the Defendants have deprived Imaginal of its exclusive rights under the '402 patent, and each of the Defendants will continue to do so unless enjoined by this Court.

25. Defendants' infringement of the '402 patent has been willful under 35 U.S.C. § 284.

## IV.
## THIRD CLAIM FOR RELIEF
### (Infringement of the '454 patent)

26. Imaginal re-alleges the averments of paragraphs 1-25.

27. Each of the Defendants has made, used, offered for sale or sold in, or imported into, the United States, apparatuses covered by one or more claims of the '454 patent, including without limitation the TopOff™ Automatic Stapling Machine.

28. Imaginal has not authorized any of the Defendants to make, use, offer for sale or sell in the United States, any apparatus that comes within the scope of any of the claims of the '454 patent. L&P has further induced infringement of the '454 patent in that, with full knowledge that use of the TopOff machines infringes the '454 patent, L&P offered to sell, sold, supported, maintained, and otherwise encouraged the use and continued use of the TopOff machines by its customers.

29. Defendants' acts of infringement have caused and will continue to cause Imaginal injury and financial damage in an amount to be shown by proof at trial. Each of the Defendants is liable to Imaginal in an amount that adequately compensates Imaginal for any respective acts of infringement, which by law cannot be less than a reasonable royalty.

-6-

30. Based upon the foregoing averments, Imaginal alleges that the Defendants have deprived Imaginal of its exclusive rights under the '454 patent, and each of the Defendants will continue to do so unless enjoined by this Court.

31. Defendants' infringement of the '454 patent has been willful under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Imaginal prays for relief against each of the Defendants as follows:

    a. For a judgment that each of the Defendants has infringed and is infringing one or more of the Imaginal Patents;

    b. That each of the Defendants and its officers, agents, servants, employees, and attorneys, and others who are in active concert or participation with any of the foregoing, be permanently enjoined and restrained from further infringement of the Imaginal Patents, or that Imaginal be awarded other appropriate equitable relief;

    c. That Imaginal be awarded damages adequate to compensate for the Defendants' wrongful acts in infringing one or more of the Imaginal Patents, in an amount to be determined;

    d. That Imaginal be awarded treble damages pursuant to 35 U.S.C. § 284;

e. That Imaginal be granted pre-judgment and post-judgment interest on the damages caused as a result of the Defendants' infringement of one or more of the Imaginal Patents;

f. That the Court declare this to be an exceptional case under 35 U.S.C. § 285;

g. That Imaginal be awarded its reasonable attorneys' fees and expenses in this action;

h. That costs be awarded to Imaginal; and

i. That Imaginal be granted such other and further relief as this Court deems just and proper under the circumstances.

Dated: July 26, 2013

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
Steven M. Hanle
Attorneys for Plaintiff
IMAGINAL SYSTEMATICS. LLC

# DEMAND FOR JURY TRIAL

Imaginal hereby demands a jury trial on all issues triable of right by a jury.

Dated: July 26, 2013

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
Steven M. Hanle
Attorneys for Plaintiff
IMAGINAL SYSTEMATICS. LLC

Steven M. Hanle, Cal. Bar No. 168876
Paul W. Garrity
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IMAGINAL SYSTEMATIC, LLC

PLAINTIFF(S)

v.

LEGGETT & PLATT, INC.; SIMMONS BEDDING COMPANY; and DOES 1 through 10, inclusive

DEFENDANT(S).

CASE NUMBER

CV13-05463-SVW(RZx)

SUMMONS

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Steven M. Hanle, Sheppard Mullin Richter & Hampton, LLC, whose address is 650 Town Center Drive, 4th Floor, Costa Mesa CA 92626. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 29 2013

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)        SUMMONS        American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Imaginal Systematic, LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Leggett & Platt, Inc.; Simmons Bedding Company; and Does 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626
714.513.5100

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Steven M. Hanle
Paul W. Garrity

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ subject to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent infringement

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc Security Act | |

FOR OFFICE USE ONLY: Case Number: CV13-05463

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

VIII(b). **RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s): CV10-07416

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Indiana |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Missouri, Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Missouri, multiple other states |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): _/s/ Steven M. Hanle_  DATE: July 26, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com